**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| RANDALL TODD BREWER, ) | 3:07-CV-622-LRH (RAM) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| HOWARD SKOLNIK, et al., ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Judge Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for a Preliminary Injunction (Doc. #20). Defendants have opposed (Doc. #29), and Plaintiff has replied (Doc. #32). With the court's permission, Plaintiff filed a supplemental reply after reviewing his medical records (Doc. #42.) After a thorough review, the court recommends that the motion be denied.

### I. BACKGROUND

Plaintiff is in custody of the Nevada Department of Corrections (NDOC) as an inmate at Nevada State Prison (NSP). Plaintiff has filed a motion for a preliminary injunction to obtain surgery to repair his two abdominal hernias. (Doc. #20 at 3.) His complaint, brought pursuant to 42 U.S.C. § 1983, alleges that prison officials have manifested a deliberate indifference to his serious medical needs by denying this surgery out of allegedly budgetary considerations. Based on these allegations, Plaintiff pleads a violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. #19 at 6-8.) In his

1

1 motion, Plaintiff argues that he has received recommendations for immediate surgery from
2 four doctors. (Doc. #20 at 4.) He also alleges that as a result of his condition, he is under
3 extreme pain that has hindered his ability to performed the simplest of daily tasks. (*Id.* at 3.)
4    Defendants oppose the motion, arguing that there is no evidence in Plaintiff's medical
5 records that he requires surgery to repair his hernias. (Doc. #29 at 3.) In his reply, Plaintiff
6 claims that at least one of his several doctors has in fact recommended surgery. (Doc. #32 at
7 9.) Plaintiff also alleges that several doctors verbally recommended surgery for the hernias and
8 that Defendants have misrepresented the contents of his medical records to downplay the
9 seriousness of his condition. (*Id.*)
10    At a motion hearing conducted on January 5, 2009, the court ordered that a general
11 surgeon should examine Plaintiff and his file in order to prepare a reporting regarding the need
12 for surgery. (Doc. #43 [minutes of the court]). In his report, the doctor who examined Plaintiff
13 concluded the following: "At this point, in terms of surgical evaluation by somebody who sees
14 and fixes hernias on a daily basis, I do not think fixing his hernias will make any difference in
15 the amount of generalized chronic abdominal pain he is having." (Doc. #45, Ex. 1, at 2.)

## **II. LEGAL STANDARD**

17    The Ninth Circuit uses two alternative tests to determine whether a temporary
18 restraining order should issue. According to the "traditional test," the equitable criteria for
19 granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2)
20 the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a
21 balance of hardships favoring the plaintiffs; and (4) advancement of the public interest. *Textile*
22 *Unlimited, Inc. v. A. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir.2001) (citing *Los Angeles*
23 *Mem'l Coliseum Comm 'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir.1980)). In
24 the alternative, the Ninth Circuit uses a "sliding scale" or balancing test where injunctive relief
25 is available to a party demonstrating either: (1) a combination of probable success on the merits
26 and the possibility of irreparable harm; or (2) that serious questions are raised and the balance
27 of hardships tips in its favor. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th
28

Cir.2001) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir.2000)).

Under the Prison Litigation Reform Act (PLRA), additional requirements must be satisfied before granting injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "Section 3626(a) ... operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III. DISCUSSION

The Supreme Court has stated that only the "'the unnecessary and wanton infliction of pain' ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)) (citation omitted). To prevail on the merits of his deliberate indifference claim, Plaintiff must show that the prison medical staff knew of and disregarded an excessive risk to an inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104-05. The Ninth Circuit has found deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992).

Plaintiff fails to present evidence that he has a medical need that has been ignored, i.e. the need to for abdominal surgery to repair his hernias. Defendants have submitted a sworn

1  affidavit from the NDOC Health Information Director that her review of Plaintiff's medical
2  records indicates that none of the treating physicians or specialists recommended surgery.
3  (Doc. #29, Ex. A, at 3.) While Plaintiff makes various claims regarding the need for surgery,
4  he fails to offer adequate support from his medical records. Plaintiff does refer to a statement
5  in his file where his doctor ordered "fix hernias as needed" (Doc. #42 at 11), but it is unclear
6  whether this was a recommendation for surgery. In any case, the same physician is quoted
7  above as concluding that Plaintiff did not need surgery after conducting a detailed review of
8  Plaintiff's medical records and a physical examination. (Doc. #45, Ex. 1, at 2.) Therefore, in
9  the absence of a showing that this treatment was prescribed and medically necessary to
10 alleviate Plaintiff's discomfort, he has failed to demonstrate a "strong" possibility of deliberate
11 indifference by prison officials from withholding surgery. *See Textile Unlimited*, 240 F.3d at
12 786.

13 Regarding irreparable injury, the medical examination indicates that the pain
14 experienced by Plaintiff is not caused by his abdominal hernias and that surgery is not
15 required. (Doc. #45, Ex. 1, at 2.) Plaintiff has therefore failed to demonstrate that an
16 injunction ordering surgery to repair his hernias will prevent any irreparable harm. Indeed,
17 as an invasive medical procedure, it is possible that the unneeded surgery could cause
18 complications that worsen his condition.

19 The balance of hardships in this case favors Defendants. There is a reasonable
20 likelihood that Plaintiff's condition would remain the same absent an injunction. Should this
21 court issue the injunction, however, Defendants would assume significant medical costs of
22 marginal therapeutic benefit, if any. It is therefore likely that Defendants would suffer the
23 greater hardship. Because the balance of factors favors not granting the motion, the
24 preliminary injunction should be denied.
25 / / /
26 / / /
27 / / /
28

4

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for a Temporary Restraining Order (Doc. #20).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: February 11, 2009.

_____
UNITED STATES MAGISTRATE JUDGE