UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

RANDY BREWER,               )        3:07-cv-00622-LRH (RAM)
                            )
        Plaintiff,           )        **REPORT AND RECOMMENDATION**
                            )        **OF U.S. MAGISTRATE JUDGE**
vs.                         )
                            )
JAMES BACA, et al.,          )
                            )
        Defendants.          )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion for Summary Judgment. (Doc. #68.)[1] Plaintiff has opposed (Doc. #70), Defendants have replied (Doc. #79), Plaintiff has submitted a supplemental opposition (Doc. #90), and Defendants have replied to the supplemental opposition (Doc. #93). After a thorough review, the court recommends that Defendants' Motion for Summary Judgment be granted.

**I. BACKGROUND**

At all relevant times, Plaintiff Randy Brewer was an inmate in custody of the Nevada Department of Corrections (NDOC) at Nevada State Prison (NSP). (Pl.'s Sec. Am. Compl. 2 (Doc. #55).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. Defendants are NDOC employees. (*Id.* at 3-4.) Plaintiff seeks declaratory relief, injunctive relief, and damages. (*Id.* at 12-13.)

---

[1] Refers to court's docket number.

Plaintiff claims that Defendants violated his Eighth Amendment rights by acting with deliberate indifference towards Plaintiff's serious medical needs. (*Id.* at 8-9.) Plaintiff contends that Defendants were deliberately indifferent by (1) denying Plaintiff surgery for his hernias, and (2) by denying Plaintiff pain medication and a special diet. (*Id.* at 4-5) In a hearing held January 5, 2009, the court ordered Plaintiff to be evaluated by a general surgeon. (Doc. #43.) In his medical evaluation, the surgeon did not recommend surgery as a remedy to Plaintiff's pain. (In Camera Submission of Medical Evaluation 2 (Doc. #45-1).)

## II. LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In doing so, the court must defer to the professional judgment of prison administrators when an inmate civil rights complaint is involved. *Beard v. Banks*, 548 U.S. 521, 526, 530 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings,

2

1 but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 248. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### III. DISCUSSION

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). A "serious" medical need exists if the failure to treat a prisoner's condition could lead to further injury or the "unnecessary and wanton infliction of pain." *Id*. (citing *Estelle*, 429 U.S. at 104). Examples of conditions that are "serious" in nature include an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain. *McGuckin*, 974 F.2d at 1060; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

If the medical needs are serious, the plaintiff must show that the defendants acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high legal standard." *Tougchi v. Soon Hwang Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The plaintiff must demonstrate that the prison medical staff knew of and disregarded an excessive risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Tougchi*, 391 F.3d at 1061. Inadvertence, by itself, is insufficient to establish a cause of action under § 1983. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs, Inc. v. Miller*, 104 F.3d 1133, 136 (9th Cir. 1997). Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk" to an inmate's health and safety. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 858 (1994)). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992); *Hunt v. Dental Dep't.*, 865 F.2d 198, 201 (9th Cir. 1989) (citations omitted). Where delay in receiving medical treatment is alleged, however, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

A difference of opinion between medical professionals concerning the best course of treatment for an inmate does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Also, a prison physician is not deliberately indifferent to an inmate's serious medical needs when the physician prescribes a different method of treatment than that requested by the inmate. *Franklin v. Oregon*, 662 F.2d 1337,

4

1344 (9th Cir. 1981).

Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition because they denied Plaintiff hernia surgery since June 2007. (Pl.'s Second Am. Compl. 4-5.) Plaintiff further contends that delayed treatment has worsened his condition and seriously affected his quality of life. (*Id.* at 6-10). Plaintiff also alleges that Defendants ceased providing Plaintiff with medication and special diet accommodations due to costs of medications and "refusal to order the dietary restrictions." (*Id.* at 5.)

Defendants argue that even if Plaintiff is able to show a serious medical need, Plaintiff fails to show that Defendants acted with deliberate indifference. (Defs.' Mot. for Summ. J. 5-6 (Doc. #68.)

On January 5, 2009, this court ordered Plaintiff to be examined by a general surgeon. (Doc. #43.) On January 13, 2009, the general surgeon examined Plaintiff and determined that surgery was not necessary. (Doc. #45-1.) The surgeon found that surgery would likely not alleviate Plaintiff's pain and that Plaintiff's pain may not be related to his hernias. (*Id.*)

The court recognizes that Plaintiff is in severe discomfort and has submitted numerous affidavits to that effect. Nonetheless, assuming without deciding that Plaintiff's medical need is sufficiently serious, the court finds that Plaintiff has not demonstrated a genuine issue of material fact that Defendants acted with deliberate indifference.

As to Plaintiff's first claim, Plaintiff fails to show that Defendants acted with deliberate indifference in refusing him surgery. Even assuming Plaintiff had received medical recommendations in favor of surgery, evidence from the court-ordered general surgeon's examination shows that such recommendation for surgery would constitute a difference of opinion. A mere difference of opinion among medical professionals does not amount to deliberate indifference. Similarly, Plaintiff's disagreement with Defendants' course of treatment does not amount to a constitutional violation.

Although Plaintiff asserts that his condition has worsened without surgery, Plaintiff fails to show that the difference of opinion regarding his treatment amounts to deliberate

5

indifference. First, Plaintiff shows no evidence that Defendants' actions were medically unacceptable under the circumstances. Defendants treated Plaintiff based on legitimate professional opinions of his medical condition. Defendants did not dismiss Plaintiff's complaints of pain in order to follow an easier course of treatment. *See Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974) (defendants were deliberately indifferent when they refused to reattach an inmate's severed ear because they claimed he did not need an ear) (cited with approval in *Estelle v. Gamble*, 429 U.S. 97, 104 n.10). Instead, Plaintiff was examined on multiple occasions and offered other forms of medical treatment. Second, Plaintiff fails to show that Defendants chose Plaintiff's course of treatment in conscious disregard of an excessive risk to Plaintiff's health. Defendants monitored Plaintiff's condition and treated him with other medical remedies. Thus, Plaintiff fails to show that Defendants' actions were medically unacceptable or that they consciously disregarded an excessive risk.

As to Plaintiff's second claim that he was denied medication and a special diet recommendation, Plaintiff's medical records indicate that he was provided prescription medication and that non-formulary drug requests were approved. (Complete Medical Records Filed In Camera, Part 1 at 44-55 (Doc. #40).) Plaintiff's prescriptions were refilled upon his requests. (*Id.* at 78-167.) Also, Plaintiff's records indicate that a low fat diet was ordered by a physician on July 2, 2007. (*Id.* at 41.) Furthermore, Plaintiff continued to receive medical attention. Thus, Plaintiff fails to show a genuine issue of material fact regarding this claim.

Plaintiff fails to demonstrate that Defendants were deliberately indifferent to his serious medical needs. Thus, Defendants' Motion for Summary Judgment should be granted.[2]

///

---

[2] To the extent Plaintiff states a conspiracy claim under § 1983, Defendants are entitled to summary judgment on that claim as well. A conspiracy claim brought under §1983 requires proof of (1) "an agreement or meeting of the minds to violate constitutional rights," and (2) an actual deprivation of constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (internal citations omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (internal citations omitted). Plaintiff fails to state an actual deprivation of his constitutional rights as stated above. Thus, summary judgment is appropriate on Plaintiff's conspiracy claim.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion for Summary Judgment (Doc. #68).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Request for Reconsideration of Verbal Motion (Doc. #88) as moot.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: June 23, 2010.

_____
UNITED STATES MAGISTRATE JUDGE